IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
09/24/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

ERNESTO JAVIER CARAMES LOPEZ,

Petitioner,

v.

Warden, Midwest Regional Reception Center; MARKWAYNE MULLIN, Secretary, DHS; and DAVID VENTURELLA, Acting Director, ICE,

Respondents.

Case No. 26-3216-JWL

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his detention by immigration officials. For the reasons set forth below, the Court **denies** the petition.

Petitioner, a native of Cuba, entered the United States unlawfully in 2022, was detained and then released at that time, and removal proceedings were initiated. On May 30, 2026, petitioner was arrested by Missouri Highway Patrol officers. ICE lodged a detained the same day, and on June 2, 2026, immigration officers served a warrant and took petitioner into custody. On August 4, 2026, petitioner withdrew his applications for relief from removal, and an immigration judge granted him voluntary departure in lieu of removal.

Petitioner initially filed this action on July 6, 2026; and after the Court ruled that he had not stated a proper claim for relief, petitioner filed an amended petition on July 29, 2026. The Government filed a response on August 21, 2026, but petitioner has not filed a traverse or reply brief (which was due by September 11, 2026). The matter is therefore ripe for ruling.

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

Petitioner seeks his release, based on his claim that he was arrested without a warrant in violation of the Constitution and 8 U.S.C. § 1357(a)(2).[1] Petitioner, however, has not shown a violation of that statute, which applies to warrantless arrests by immigration officers, *see id.*, because immigration officers acted pursuant to a warrant in detaining petitioner. Nor has petitioner cited any authority or otherwise shown that immigration officials may not detain an alien who was previously detained illegally by another authority. *Cf. I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039-40 (1984) (illegal arrest does not affect the lawfulness of removal proceedings). Accordingly, petitioner has

[1] The Government stated that it would update the Court if petitioner departed, but it has not filed any such notice. The Court therefore assumes that petitioner presently remains in the custody of immigration officials.

not established that his detention violates federal law, and the Court therefore denies the petition.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 24th day of September, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge